**MARIAN ROSE**, joined by her husband, **L. S. ROSE**, v. **GEORGE W. FREDERICK.**

31 So. (2nd) 401                                          June Term, 1947
July 25, 1947                                                      Division B

*G. P. Garrett* and *H. A. Whittaker,* for appellants.
*Maguire, Voorhis & Wells,* and *M. W. Wells,* for appellee.

BUFORD, J.:

To a declaration in behalf of husband and wife for damages arising out of an automobile accident in which the wife was injured and the automobile belonging to the husband was damaged, the husband in the first count of the declaration claims damages growing out of alleged injuries to his wife

by way of hospital bills, doctors' bills and the loss of consortium and services of his wife and for damages to and loss of use of his automobile. In count 2 of the declaration the wife, plaintiff, claims damages for personal injuries resulting in alleged permanent injury to herself and for pain and suffering.

Demurrer was filed to the declaration on the following grounds:

"1. Said cause does not state a cause of action.

"2. There is a misjoinder of parties plaintiff.

"3. There is a misjoinder of causes of action.'"

On the stipulation of counsel the Circuit Judge has certified to us under our Rule 38 the following question:

"Since by Chapter 21932, Acts of 1943, a married woman is now empowered to sue and be sued, may a husband and wife jointly sue for their separate individual claims growing out of the same transaction as was permitted prior to said Act"

Section 46.09, 1945 Supplement to Florida Statutes 1941 (same F.S.A.) provides:

"46.09. Actions by husband and wife—

"In any action brought by a man and his wife for an injury done to the wife, in respect of which she is necessarily joined as coplaintiff, the husband may add thereto claims in his own right, which said claims in his own right shall mean and include any and all claims of whatever kind or nature, including claims for personal injury, property damage and the like, and seperate actions brought in respect of such claims may be consolidated, if the court shall think fit. In case of the death of either plaintiff, such suit, so far as it relates to the causes of action, if any, which do not survive, shall abate, but to that extent only."

Chapter 21932, Acts of 1943, has no effect on the provision of Section 46.09, supra. The wife is a necessary party to a suit brought to recover damages sustained by her growing out of personal injuries to her and for her pain and suffering caused by such injuries.

While it is true that a wife may maintain such suit as a sole plaintiff under the provisions of Chapter 21.932, Acts of 1943, Section 708.08, 1945 Supplement to Florida Statutes 1941 (same F.S.A.), this condition does not prevent the joinder of husband and wife in a suit of this sort. The result of such joinder is to facilitate the disposition of litigation and to reduce the expenditure of time and costs of litigation. Upon this the courts do, and litigants should, look with favor.

The cause of action in such cases as this is not a joint claim, but there are two causes of action, one in favor of the wife for damage accruing to her and the other in favor of the husband for damage accruing to him, both of which claims arise out of the same transaction. The claimants, husband and wife, under Sec. 46.06, supra, may join in bringing one suit, or they may bring separate suits which may be consolidated for trial.

In this case the suit was brought by the wife joined by her husband. It should have been brought in the name of Marian Rose and her husband L. S. Rose.

The demurrer should be sustained with leave to amend the declaration so as to make the husband and the wife each parties in their own respective rights.

The question should, therefore, be answered in the affirmative and the form of the declaration should be modified as suggested in the opinion.

THOMAS, C. J., BARNS, J., and TAYLOR, Associate Justice, concur.